FILED
09-07-2021
Clerk of Circuit Court
Waukesha County
2021CV000319

**STATE OF WISCONSIN    CIRCUIT COURT    WAUKESHA COUNTY**

DAWN MOON
223 DISCHER STREET, #18
SCHOFIELD, WI 54476,

                          Plaintiff,

    *vs*.                                                Case No. 2021CV319
                                                         Class Code: 30301

DOBBERSTEIN LAW FIRM, LLC
225 SOUTH EXECUTIVE DR., SUITE 201
BROOKFIELD, WI 53005,

                          Defendant.

**FIRST AMENDED COMPLAINT FOR VIOLATIONS OF
THE FAIR DEBT COLLECTION PRACTICES ACT**

Plaintiff, Dawn Moon ("MOON"), brings this action against Defendant, DOBBERSTEIN LAW FIRM, LLC ("DOBBERSTEIN"), as follows:

### I.   PRELIMINARY STATEMENT

1. Plaintiff brings this action for DOBBERSTEIN's false, deceptive, and misleading practices when attempting to collect consumer debts that violate the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p.

2. The FDCPA regulates the behavior of "debt collectors" (including collection agencies, collection attorneys, debt buyers) when attempting to collect a consumer debt. Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" which "contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy." 15 U.S.C. § 1692(a). The FDCPA was expressly adopted "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers

against debt collection abuses." 15 U.S.C. § 1692(e).

3. When collecting or attempting to collect a debt, the FDCPA bars debt collectors from using (a) harassing, oppresive, and abusive conduct; (b) false, deceptive, or misleading means or representations; and (c) unfair or unconscionable means. 15 U.S.C. §§ 1692d, 1692e, and 1692f. Each of those Sections contain a list of specific *per se* violations but they are nonexclusive and do not limit the general application of each Section's broad prohibitions.

4. To prohibit deceptive collection practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a list of certain *per se* violations of false and deceptive collection conduct. Among these *per se* violations are: using any communication which falsely represents the character, amount, or legal status of any debt, 15 U.S.C. § 1692e(2)(A); the false representation or implication that any individual is an attorney or that any communication is from an attorney, 15 U.S.C. § 1692e(3); threatening to take any action that cannot legally be taken or that is not intended to be taken, 15 U.S.C. § 1692e(5); and, the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

5. To prohibit unfair and unconscionable collection practices, the FDCPA, at 15 U.S.C. § 1692f, outlaws the use of false, deceptive, and misleading collection letters and names a list of certain *per se* violations of false and deceptive collection conduct. Among these *per se* violations are: the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law, 15 U.S.C. § 1692f(1).

6. When the collection process starts, the FDCPA requires debt collectors provide consumers with basic debt information and right to debt-verification. 15 U.S.C. § 1692g.

7.  Although the FDCPA is not a strict-liability statute, "most infractions result in liability" without proof of *scienter* unless the specific infractions include an element of intent or purpose, or the debt collector can affirmatively prove a *bona fide* error under 15 U.S.C. § 1692k(c). *Oliva v. Blatt, Hasenmiller, Leibsker & Moore LLC*, 864 F.3d 492, 502 (7th Cir. 2017), *cert. denied,* 138 S. Ct. 1283 (2018).

8.  A debt collector's conduct violates the FDCPA when viewed from the perspective of an "unsophisticated debtor." *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). "The unsophisticated consumer is uninformed, naive, and trusting, but possesses rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses reasonable intelligence, and is capable of making basic logical deductions and inferences." *Williams v. OSI Educ. Servs., Inc*, 505 F.3d 675, 678 (7th Cir. 2007) (internal editing notations and quotation marks omitted).

9.  A single violation is sufficient to establish liability. *Nielsen v. Dickerson*, 307 F.3d 623, 640 (7th Cir. 2002).

10. When a debt collector fails to comply with the FDCPA "with respect to any person," it "is liable to such person in an amount equal to the sum of" "any actual damage sustained," "additional" or statutory damages, costs, and reasonable attorneys' fees. Statutory damages are limited to no more than $1,000 per plaintiff.

11. Plaintiff seeks such relief as is allowed under FDCPA including, without limitation, statutory damages, actual damages, attorney fees and costs.

## II.   PARTIES

12. Plaintiff is a natural person who, at all times relevant to this lawsuit was a citizen of, and resided in, the City of Schofield, Marathon County, Wisconsin.

13. DOBBERSTEIN is a law firm organized as for-profit limited liability company formed under Wisconsin law.

14. DOBBERSTEIN maintains its principal place of business at 225 South Executive Drive, Suite 201, Brookfield, Wisconsin 53005.

15. DOBBERSTEIN's registered agent for service in the State of Wisconsin is J Adam Dobberstein, 225 S. Executive Dr., Suite 201, Brookfield, Wisconsin 53005.

### III.   JURISDICTION & VENUE

16. This Court has subject matter jurisdiction pursuant to Wis. Stat. § 801.04(1) and 15 U.S.C. § 1692k(d).

17. The Court has personal jurisdiction over Defendant pursuant to Wis. Stat. §801.05(d) because Defendant does business in Wisconsin.

18. Venue is appropriate in Waukesha County pursuant to Wis. Stat. § 801.50(2)(c) because it is the county in which Defendant resides and does substantial business.

### IV.   FACTS

19. DOBBERSTEIN regularly collects defaulted consumer debts owed to others.

20. DOBBERSTEIN's principal business purpose is collecting defaulted consumer debts.

21. DOBBERSTEIN uses instruments of interstate commerce such as the mails, telephone, and internet when it collects, and attempts to collect, defaulted consumer debts.

22. Plaintiff is an unsophisticated consumer.

23. DOBBERSTEIN mailed Plaintiff a letter dated February 20, 2020 ("2/20/20 Letter").

24. A true, but partially redacted, copy of the Letter is attached as *Exhibit A*.

25. The 2/20/20 Letter was mailed on or after the Letter's date.

26.　　The 2/20/20 Letter alleged Plaintiff defaulted on a financial obligation (the "Debt"), owed to "SHORT TERM FINANCIAL, LLC" in the amount of $840.27.

27.　　Sometime prior to February 20, 2020, the creditor of the Debt placed or transferred the debt to DOBBERSTEIN for collection.

28.　　The 2/20/20 Letter sought to collect a defaulted financial obligation (the "Debt") that arose out of one or more transactions in which the money, property, insurance, or services that were the subject of the transactions were primarily for personal, family, or household purposes; namely, a high interest payday loan for Plaintiff's personal and household use.

29.　　The 2/20/20 Letter was DOBBERSTEIN's first written communication to collect the Debt.

30.　　The 2/20/20 Letter is written on DOBBERTEIN's letterhead which states "**DOBBERSTEIN LAW FIRM, LLC**" (Emphasis in orginal).

31.　　The 2/20/20 Letter directs Plaintiff to address her written communications to "**DOBBERSTEIN LAW FIRM, LLC**" (emphasis in original) and is signed by "Dobberstein Law Firm, LLC".

32.　　The footer of the 2/20/20 Letter also states "Dobberstein Law Firm, LLC".

33.　　The 2/20/20 Letter referred to the Debt as an "account" and stated it is has been "listed with our office for collection."

34.　　The 2/20/20 Letter contended Plaintiff owed the Debt and that it had been in default since December 18, 2017 (*i.e.*, more than two years).

35.　　The 2/20/20 Letter stated the Debt's balance and "TOTAL DUE" was $840.27 and implied that the balance was now static because the balance was the same as it had been and because the 2/20/20 Letter contained no statement or indiciation that the Debt had been, or would be, increasing due to accruing interest.

36. The 2/20/20 Letter provided Plaintiff with notice of her legal right to dispute the validity of the Debt, or any portion of it, "within 30 days" after she received it.

37. Plaintiff did not dispute the validity of the Debt, or any portion of it, "within 30 days" after she received it because the 2/20/20 Letter confirmed the Debt's balance seemed accurate and the letter indicated it was static and no longer accruing interest.

38. Plaintiff would have disputed the Debt had the 2/20/20 Letter indicated the Debt was still increasing due to accruing interest.

39. The 2/20/20 Letter did not offer Plaintiff any settlement or payment options other that to pay DOBBERSTEIN the entire amount of the Debt's balance.

40. Upon receipt of the 2/20/20 Letter, Plaintiff had more creditors than she had money to pay, was unable to pay the Debt's balance unless she gave the static Debt priority over other debts and household obligations which were accruing interest, late fees, and other charges.

41. Plaintiff did not pay the Debt in response to the 2/20/20 Letter because she had to make difficult decisions about how to use her scarce financial resources and the 2/20/20 Letter influenced her decision because it indicated the Debt—now more than two years in default—was static and no longer accruing interest, or other more immediate negative consequences by failing to pay, unlike her other obligations.

42. Thereafter, DOBBERSTEIN mailed Plaintiff a letter dated June 30, 2020 ("6/30/20 Letter") to collect the Debt.

43. A true, but partially redacted, copy of the Letter is attached as ***Exhibit B***.

44. The 6/30/20 Letter was mailed on or after the Letter's date.

45. The 6/30/20 Letter iterated Plaintiff owed a "Balance" of $840.27 but, unlike the 2/20/20 Letter, informed Plaintiff it was now " good time to think about clearing up some of [her] costly deliquent debt."

46. The 6/30/20 Letter went on to state the Debt's balance was "*Currently*" $840.27 but that "[b]ecause of the accrual of interest, the *current* outstanding balance may *continue to increase* the longer the debt remains unpaid." (emphasis added).

47. For the first time, the 6/30/20 Letter informed Plaintiff the Debt would "continue to increase" "[b]ecause of the accrual of interest" unless she paid it.

48. The 6/30/20 Letter's statement that the Debt was continuing to increase "[b]ecause of the accrual of interest" was false and a deceptive trick DOBBERSTEIN employed to coerce unsophisticated consumers to pay its debts in priorty over other debts whose dynamic balances but significantly lower interest rates than the payday loan Debt whose balance was truthfully still static.

49. The 6/30/20 Letter intentionally failed to state when, in what amount, or in what manner "the accrual of interest" would affect the Debt.

50. The 2/20/20 Letter and the 6/30/20 Letter provide inconsistent statements regarding whether the Debt was accruing interest.

51. The creditor of the Debt neither intended, nor authorized DOBBERSTEIN, to collect accruing interest on the Debt.

52. DOBBERSTEIN further strenghtened the deception of its new information that the Debt was continuing to increase "[b]ecause of the accrual of interest" with a settlement offer that DOBBERSTEIN falsely stated it was "not obligated to renew."

53. The discrepancies between the 2/20/20 Letter—which was silent as to the accrual of interest—and the 6/30/20 Letter, which stated the accrual of interest "may continue to increase" the "outstanding balance" "the longer the debt remains unpaid" is materially false, deceptive, and misleading to the unsophisticated consumer because it affected Plaintiff's decision to pay the Debt or dispute it.

54. The 6/30/20 Letter did not offer Plaintiff a renewed opportunity to dispute dispute the validity of the Debt or any portion of it.

55. At the time Plaintiff received the 6/30/20 Letter, she had lost her legal right under 15 U.S.C. §1692g(b) to dispute the validity of the Debt or any portion of it and, therefore, she was deprived of her legal right to dispute it.

56. As the 2/20/20 Letter informed Plaintiff that DOBBERSTEIN—a lawyer who she believed had personally reviewed the circumstances of the Debt—had the legal right to consider the Debt to be valid because Plaintiff failed to dispute it when she had the legal right to do so.

57. Thus, Plaintiff believed she was now at a disadvantage because DOBBERSTEIN—a lawyer who she believed had personally reviewed the circumstances of the Debt—could use her failure to dispute the Debt against her.

58. No licensed attorney had any meaningful personal involvement in the drafting and mailing of the 2/20/20 Letter or 6/30/20 Letter.

59. Plaintiff is informed and believes, and on that basis alleges, that no licensed attorney reviewed or considered the particular circumstances of her account or the Debt prior to mailing the 2/20/20 Letter or 6/30/20 Letter.

60. The 2/20/20 Letter and 6/30/20 Letter gave Plaintiff, an unsophisticated consumer, the false impression that they were from an attorney when, in fact, the letters were not from an attorney in any meaningful sense of the word.

61. The 2/20/20 Letter and 6/30/20 Letter were merely computer-generated by merging information specific to a debt on a consumer with a template to create what is commonly called a "form letter."

62. DOBBERSTEIN either knew the Debt was either accruing interest which would cause the outstanding balance to increase—and was silent as to this fact— at the time it sent the

2/20/20 Letter, or it knew the Debt was not accruing interest—and made a materially false, deceptive, and misleading statement—at the time it sent the 6/30/20 Letter.

63. DOBBERSTEIN's failure to clarify whether the Debt was accruing interest at the time it sent the 2/20/20 Letter, or failure to clarify that the Debt was not accruing interest at the time it sent the 6/30/20 Letter, constitute materially false, deceptive, and misleading statements because Plaintiff, an unsophisticated consumer, considers the accrual of interest, and the amount of interest, as relevant factors when choosing which debts to pay.

64. The 2/20/20 Letter and the 6/30/20 Letter intruded on Plaintiff's solitude and deprived Plaintiff of truthful, non-misleading information in connection with DOBBERSTEIN'S attempt to collect the Debt.

65. DOBBERSTEIN's use of the false, deceptive, and misleading statements in the 2/20/20 Letter and 6/30/20 Letter gave DOBBERSTEIN an advantage of honest debt collectors who do not use such wronful and illegal tactics to collect debts from Wisonsin consumers.

66. As a consequence of the above, Plaintiff sought the services of an attorney to help her with the Debt which caused Plaintiff to expend time, money, emotional worry, and fear she would not otherwise have expended had DOBBERSTEIN chosen to send her a collection letter containing truthful information about her Debt.

## V.  CAUSE OF ACTION FOR
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

67. The preceding factual allegations are realleged and incorporated by reference.

68. DOBBERSTEIN is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

69. The Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

70. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

71. *Exhibit A* is a "communication" as defined by 15 U.S.C. § 1692a(2).

72. ***Exhibit B*** is a "communication" as defined by 15 U.S.C. § 1692a(2).

73. DOBBERSTEIN's use and mailing of ***Exhibit A*** and ***Exhibit B*** in an attempt to collect the Debt violated the FDCPA in one or more following ways:

　　(a)　Using a false, deceptive, or misleading representation or means in violation of 15 U.S.C. § 1692e;

　　(b)　Falsely representing the character, amount, or legal status of any debt in violation of 15 U.S.C. § 1692e(2)(A);

　　(c)　Falsely threatening to take an action that is not intended to be taken in violation of 15 U.S.C. § 1692e(5);

　　(d)　Using a false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10);

　　(e)　Failing to state the amount of the Debt in a clear and unambiguous manner as required by 15 U.S.C. § 1692g(a)(1); and,

　　(f)　Collecting a debt using an unfair or unconscionable means in violation of 15 U.S.C. § 1692f.

　　(g)　Attempting to collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) not expressly authorized by the agreement creating the debt or permitted by law in violation of 15 U.S.C. § 1692f(1).

## VI.　PRAYER FOR RELIEF

74. WHEREFORE, Plaintiff demands judgment against DOBBERSTEIN as follows:

　　(a)　An award of actual damages under 15 U.S.C. §1692k(a)(1);

　　(b)　An award of statutory damages under 15 U.S.C. §1692k(a)(2);

　　(c)　Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3);

    (d)    An award of actual damages including to the extent the recovery of reasonable attorneys' fees and costs cause Plaintiffs a negative tax consequence to; and,

    (e)    For such other and further relief as may be just and proper.

## VII. JURY DEMAND

75.    Trial by jury is demanded on all issues so triable.

Dated: September 7, 2021

*s/Katelyn B. Busby*
Katelyn B. Busby (WI Bar # 1123939)
THOMASSON PLLC
3010 South Appleton Road
Menasha, WI 54952
Telephone: (920) 312-7665
E-mail: Katelyn@Thomassonpllc.com

Francis R. Greene (WI Bar #1115577)
GREENE CONSUMER LAW
1954 1st Street, #154
Highland Park, IL 60035
Telephone: (312) 847-6979
E-mail: francis@greeneconsumerlaw.com

*Attorneys for Plaintiff, Dawn Moon*

**DOBBERSTEIN LAW FIRM, LLC**

PO Box 470 ♦ Brookfield, WI 53008-0470
Telephone: (262) 641-3715

FILED
09-07-2021
Clerk of Circuit Court
Waukesha County
2021CV000319

PO Box 470
Brookfield WI 53008-0470
RETURN SERVICE REQUESTED

February 20, 2020

483848223

Dawn Moon
1341 Western Ave Apt 6
Green Bay WI 54303-2057

DOBBERSTEIN LAW FIRM, LLC
PO Box 470
Brookfield WI 53008-0470

Account # ▮▮▮▮▮5937
Balance:　$840.27

---

**Past Due Balance**

***Detach Upper Portion And Return With Payment***

| Last Activity | Account Number | Creditor | Balance |
|---|---|---|---|
| 12/18/2017 | ▮▮▮▮5937 | SHORT TERM FINANCIAL, LLC | $840.27 |
| | | **TOTAL DUE:** | **$840.27** |

Dear Dawn Moon:

This account has been listed with our office for collection.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of the debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from current creditor.

Sincerely,

Dobberstein Law Firm, LLC.
1RDCOLL02VFIRST

Dobberstein Law Firm, LLC ♦ PO Box 470 ♦ Brookfield WI 53008-0470 ♦ 262-641-3715

**DOBBERSTEIN LAW FIRM, LLC**
PO Box 470 ♦ Brookfield, WI 53008-0470
*Telephone: (262) 641-3715*

FILED
09-07-2021
Clerk of Circuit Court
Waukesha County
2021CV000319

PO Box 470
Brookfield WI 53008-0470
RETURN SERVICE REQUESTED

June 30, 2020

569205611

Dawn Moon
1341 Western Ave Apt 6
Green Bay WI 54303-2057

DOBBERSTEIN LAW FIRM, LLC
PO Box 470
Brookfield WI 53008-0470

Account # ▮▮▮▮▮937
Balance:   $840.27

---

**Past Due Balance**

\*\*\*Detach Upper Portion And Return With Payment\*\*\*

| Creditor Name/<br>Original Creditor | Account Number | Balance |
|---|---|---|
| SHORT TERM FINANCIAL, LLC / | ▮▮▮▮▮937 | $840.27 |

**TOTAL: $840.27**

Dear Dawn Moon,

With tax refund season upon us, it's a good time to think about clearing up some of your costly delinquent debt. Currently, the above-referenced account has an outstanding balance of $840.27. Because of the accrual of interest, the current outstanding balance may continue to increase the longer the debt remains unpaid.

However, in an effort to assist you in resolving this matter, our client has authorized us to extend a special "Income Tax Refund" settlement offer. Upon payment of $672.22, received by our office no later than 07/30/2020, we will consider this matter settled in full. We are not obligated to renew this offer.

For further information, write the undersigned or call (262) 641-3715. If you wish to resolve this matter, but are unable to make the lump sum payment required to take advantage of this offer, please contact us at the number listed above to discuss an alternative compromised resolution.

We accept Visa, MasterCard, or check payments by phone.

Sincerely,

Dobberstein Law Firm, LLC

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

801RDCOLL02TAX

**DOBBERSTEIN LAW FIRM, LLC**
PO Box 470 ♦ Brookfield, WI 53008-0470
Telephone: (262) 641-3715

FILED
09-07-2021
Clerk of Circuit Court
Waukesha County
2021CV000319

PO Box 470
Brookfield WI 53008-0470
RETURN SERVICE REQUESTED

February 20, 2020

483848223

Dawn Moon
1341 Western Ave Apt 6
Green Bay WI 54303-2057

DOBBERSTEIN LAW FIRM, LLC
PO Box 470
Brookfield WI 53008-0470

Account #          5937
Balance:   $840.27

---

**Past Due Balance**

***Detach Upper Portion And Return With Payment***

| Last Activity | Account Number | Creditor | Balance |
|---|---|---|---|
| 12/18/2017 | 5937 | SHORT TERM FINANCIAL, LLC | $840.27 |
| | | TOTAL DUE: | $840.27 |

Dear Dawn Moon:

This account has been listed with our office for collection.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from current creditor.

Sincerely,

Dobberstein Law Firm, LLC.
1RDCOLL02VFIRST

Dobberstein Law Firm, LLC ♦ PO Box 470 ♦ Brookfield WI 53008-0470 ♦ 262-641-3715

**DOBBERSTEIN LAW FIRM, LLC**
PO Box 470 ♦ Brookfield, WI 53008-0470
*Telephone: (262) 641-3715*

PO Box 470
Brookfield WI 53008-0470
RETURN SERVICE REQUESTED

June 30, 2020

569205611

Dawn Moon
1341 Western Ave Apt 6
Green Bay WI 54303-2057

DOBBERSTEIN LAW FIRM, LLC
PO Box 470
Brookfield WI 53008-0470

Account # ▮▮▮▮▮5937
Balance: $840.27

---

**Past Due Balance**

\*\*\*Detach Upper Portion And Return With Payment\*\*\*

| Creditor Name/ Original Creditor | Account Number | Balance |
|---|---|---|
| SHORT TERM FINANCIAL, LLC / | ▮▮▮▮▮5937 | $840.27 |

**TOTAL: $840.27**

Dear Dawn Moon,

With tax refund season upon us, it's a good time to think about clearing up some of your costly delinquent debt. Currently, the above-referenced account has an outstanding balance of $840.27. Because of the accrual of interest, the current outstanding balance may continue to increase the longer the debt remains unpaid.

However, in an effort to assist you in resolving this matter, our client has authorized us to extend a special "Income Tax Refund" settlement offer. Upon payment of $672.22, received by our office no later than 07/30/2020, we will consider this matter settled in full. We are not obligated to renew this offer.

For further information, write the undersigned or call (262) 641-3715. If you wish to resolve this matter, but are unable to make the lump sum payment required to take advantage of this offer, please contact us at the number listed above to discuss an alternative compromised resolution.

We accept Visa, MasterCard, or check payments by phone.

Sincerely,

Dobberstein Law Firm, LLC

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

801RDCOLL02TAX