FILED
02-19-2021
Clerk of Circuit Court
Waukesha County
2021CV000319

STATE OF WISCONSIN    CIRCUIT COURT    WAUKESHA COUNTY

DAWN MOON
223 DISCHER ST. #18
SCHOFIELD, WI 54476

                      Plaintiff,

Case No. _____
Class Code: 30301

vs.

DOBBERSTEIN LAW FIRM, LLC
225 SOUTH EXECUTIVE DR., SUITE 201
BROOKFIELD, WI 53005

                      Defendant.

## SUMMONS

THE STATE OF WISCONSIN, to the said defendant:

You are hereby notified that the Plaintiffs named above have filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of the legal action.

Within twenty (20) days of receiving this summons, you must respond with a written answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint. The Court may reject or disregard an answer that does not follow the requirements of the Statutes. The answer must be sent or delivered to the court, whose address is: 515 W Moreland Blvd Waukesha WI 53188, and Plaintiff's Attorney, Francis R. Greene, Greene Consumer Law, whose address is: 1954 1st St., #154, Highland Park, IL 60035. You may have an attorney help or represent you.

If you do not provide a proper answer within twenty (20) days, the Court may grant judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Page **1** of **9**

EXHIBIT 3

Dated: February 19, 2021

          s/ *Francis R. Greene*
          Francis R. Greene (WI Bar # 1115577)
          GREENE CONSUMER LAW
          1954 1st Street, #154
          Highland Park, IL 60035
          Telephone (312) 847-6979
          E-mail: Francis@greeneconsumerlaw.com

*Attorney for Plaintiff, Dawn Moon*

FILED
02-19-2021
Clerk of Circuit Court
Waukesha County
2021CV000319

STATE OF WISCONSIN	CIRCUIT COURT	WAUKESHA COUNTY

DAWN MOON
223 DISCHER ST. #18
SCHOFIELD, WI 54476

                                                                    Case No._____
                                          Plaintiff,        Class Code: 30301

vs.

DOBBERSTEIN LAW FIRM, LLC
225 SOUTH EXECUTIVE DR., SUITE 201
BROOKFIELD, WI 53005

                                          Defendant.

## COMPLAINT FOR VIOLATIONS OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

Plaintiff, Dawn Moon ("MOON"), brings this action against Defendant, DOBBERSTEIN LAW FIRM, LLC ("DOBBERSTEIN"), as follows:

### I. PRELIMINARY STATEMENT

1.  Plaintiff brings this action for DOBBERSTEIN's illegal practices when attempting to collect an alleged debt from her in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p.

2.  The FDCPA regulates the behavior of "debt collectors" (including collection agencies, collection attorneys, debt buyers) when attempting to collect a consumer debt. Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" which "contribute to a number of personal bankruptcies,

marital instability, loss of jobs, and invasions of individual privacy." 15 U.S.C. § 1692(a). The FDCPA was expressly adopted "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

3.　　When collecting or attempting to collect a debt, the FDCPA bars debt collectors from using (a) harassing, oppresive, and abusive conduct; (b) false, deceptive, or misleading means or representations; and (c) unfair or unconscionable means. 15 U.S.C. §§ 1692d, 1692e, and 1692f. Each of those Sections contain a list of specific *per se* violations but they are nonexclusive and do not limit the general application of each Section's broad prohibitions.

4.　　When the collection process starts, the FDCPA requires debt collectors provide consumers with basic debt information and right to debt-verification. 15 U.S.C. § 1692g.

5.　　Although the FDCPA is not a strict-liability statute, "most infractions result in liability" without proof of *scienter* unless the specific infractions include an element of intent or purpose, or the debt collector can affirmatively prove a *bona fide* error under 15 U.S.C. § 1692k(c). *Oliva v. Blatt, Hasenmiller, Leibsker & Moore LLC*, 864 F.3d 492, 502 (7th Cir. 2017), *cert. denied,* 138 S. Ct. 1283 (2018).

6.　　A debt collector's conduct violates the FDCPA when viewed from the perspective of an "unsophisticated debtor." *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). "The unsophisticated consumer is uninformed, naive, and trusting, but possesses rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses reasonable intelligence, and is capable of making basic logical deductions and inferences." *Williams v. OSI Educ. Servs., Inc*, 505 F.3d 675, 678 (7th Cir. 2007) (internal editing notations and quotation marks omitted).

7. A single violation is sufficient to establish liability. *Nielsen v. Dickerson*, 307 F.3d 623, 640 (7th Cir. 2002).

8. When a debt collector fails to comply with the FDCPA "with respect to any person," it "is liable to such person in an amount equal to the sum of" "any actual damage sustained," "additional" or statutory damages, costs, and reasonable attorneys' fees. Statutory damages are limited to no more than $1,000 per plaintiff.

9. Plaintiff seeks such relief as is allowed under FDCPA including, without limitation, statutory damages, attorney fees and costs.

## II.  PARTIES

10. MOON is a natural person who, at all times relevant to this lawsuit was a citizen of, and resided in, the City of Schofield, Marathon County, Wisconsin.

11. DOBBERSTEIN is a for-profit limited liability company formed under the laws of the State of Wisconsin.

12. Upon information and belief, DOBBERSTEIN maintains its principal place of business at 225 South Executive Drive, Suite 201, Brookfield, WI 53005.

13. DOBBERSTEIN's registered agent for service in the State of Wisconsin is J Adam Dobberstein, 225 S. Executive Dr., Suite 201, Brookfield, WI 53005.

## III.  JURISDICTION & VENUE

14. This Court has subject matter jurisdiction pursuant to Wis. Stat. § 801.04(1) and 15 U.S.C. § 1692k(d).

15. The Court has personal jurisdiction over Defendant pursuant to Wis. Stat. §801.05(d) because Defendant does business in Wisconsin.

16. Venue is appropriate in Waukesha County pursuant to Wis. Stat. § 801.50(2)(c) because it is the county in which Defendant resides and does substantial business.

## IV.   FACTS

17. DOBBERSTEIN regularly engages in the collection of defaulted consumer debts.

18. DOBBERSTEIN regularly collects or attempts to collect debts alleged to be owed to others.

19. In attempting to collect debts, DOBBERSTEIN uses the U.S. Mail, telephone, and Internet.

20. DOBBERSTEIN mailed or caused to be mailed a letter dated February 20, 2020 (the "First Letter") to MOON.

21. A true and correct copy of the First Letter is attached as ***Exhibit A***, except that the undersigned has partially redacted it.

22. The Letter alleged MOON incurred and defaulted on a financial obligation (the "Debt"), owed to "SHORT TERM FINANCIAL, LLC" in the amount of $840.27.

23. Upon information and belief, the Debt arose out of one or more transactions in which the money, property, insurance, or services that were the subject of the transactions were primarily for personal, family, or household purposes, namely a short-term pay day loan for personal use.

24. Sometime prior to February 20, 2020, the creditor of the Debt either directly or through intermediate transactions placed or transferred the debt to DOBBERSTEIN for collection.

25. The First Letter did not contain a statement or otherwise give notice that the Debt had been, or would be, increasing due to accruing interest.

26. MOON, having more creditors than money to pay, was not able to pay the Debt upon receipt of the First Letter.

27.     Thereafter, DOBBERSTEIN mailed or caused to be mailed a separate letter dated June 20, 2020 to MOON (the "Second Letter") in an attempt to collect the Debt.

28.     A true and correct copy of the Second Letter is attached as ***Exhibit B***, except that the undersigned has partially redacted it.

29.     The Second Letter reiterated MOON owed a "Balance" of $840.27, but went on to state, in relevant part: "[b]ecause of the accrual of interest, the current outstanding balance may continue to increase the longer the debt remains unpaid."

30.     The Second Letter failed to state when, in what amount, or in what manner "the accrual of interest" would affect the Debt.

31.     The First Letter and the Second Letter provide inconsistent statements regarding whether the Debt was accruing interest.

32.     The discrepancies between the First Letter—which was silent as to the accrual of interest—and the Second Letter, which stated the accrual of interest "may continue to increase" the "outstanding balance" "the longer the debt remains unpaid" is materially false, deceptive, and misleading to the unsophisticated consumer.

33.     Stated otherwise, the DOBBERSTEIN either knew the Debt was either accruing interest which would cause the outstanding balance to increase—and was silent as to this fact—at the time it sent the First Letter, or it knew the Debt was not accruing interest—and made a materially false, deceptive, and misleading statement—at the time it sent the Second Letter.

34.     DOBBERSTEIN's failure to clarify whether the Debt was accruing interest at the time it sent the First Letter, or failure to clarify that the Debt was not accruing interest at the time it sent the Second Letter, constitute materially false, deceptive, and misleading statements because MOON, and the unsophisticated consumer, consider the accrual of interest as a relevant factor when choosing which debts to pay.

Page **7** of **9**

35. The First Letter and the Second Letter deprived MOON of truthful, non-misleading information in connection with DOBBERSTEIN'S attempt to collect the Debt.

## V. CAUSE OF ACTION FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

36. The preceding factual allegations are realleged and incorporated by reference.

37. DOBBERSTEIN is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

38. The Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

39. MOON is a "consumer" as defined by 15 U.S.C. § 1692a(3).

40. *Exhibit A* is a "communication" as defined by 15 U.S.C. § 1692a(2).

41. *Exhibit B* is a "communication" as defined by 15 U.S.C. § 1692a(2).

42. DOBBERSTEIN's use and mailing of *Exhibit A* and *Exhibit B* in an attempt to collect the Debt violated the FDCPA in one or more following ways:

   (1) Using a false, deceptive, or misleading representation or means in violation of 15 U.S.C. § 1692e;
   (2) Falsely representing the character, amount, or legal status of any debt in violation of 15 U.S.C. § 1692e(2)(A);
   (3) Falsely threatening to take an action that is not intended to be taken in violation of 15 U.S.C. § 1692e(5);
   (4) Using a false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10);
   (5) Failing to state the amount of the Debt in an unambiguous manner as required by 15 U.S.C. § 1692g(a)(1); and,
   (6) Collecting a debt using an unfair or unconscionable means in violation of 15 U.S.C. § 1692f.

## VI. PRAYER FOR RELIEF

43. WHEREFORE, Plaintiff demands judgment against DOBBERSTEIN as follows:

(1)    An award of statutory damages under 15 U.S.C. §1692k(a)(2);

(2)    Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3);

(3)    An award of actual damages including to the extent the recovery of reasonable attorneys' fees and costs cause Plaintiffs a negative tax consequence to; and,

(4)    For such other and further relief as may be just and proper.

## VII.    JURY DEMAND

44.    Trial by jury is demanded on all issues so triable.


Dated: February 19, 2021

                                s/ *Francis R. Greene*
                                Francis R. Greene (WI Bar # 1115577)
                                GREENE CONSUMER LAW
                                1954 1st Street, #154
                                Highland Park, IL 60035
                                Telephone (312) 847-6979
                                E-mail: Francis@greeneconsumerlaw.com

                                *Attorney for Plaintiff, Dawn Moon*

Page **9** of **9**

Case 2021CV000319　　Document 3　　Filed 02-19-2021　　Page 1 of 2

FILED
02-19-2021
Clerk of Circuit Court
Waukesha County
2021CV000319

# Exhibit A

**DOBBERSTEIN LAW FIRM, LLC**
PO Box 470 ♦ Brookfield, WI 53008-0470
Telephone: (262) 641-3715

FILED
02-19-2021
Clerk of Circuit Court
Waukesha County
2021CV000319

PO Box 470
Brookfield WI 53008-0470
RETURN SERVICE REQUESTED

February 20, 2020

483848223

Dawn Moon

**DOBBERSTEIN LAW FIRM, LLC**
PO Box 470
Brookfield WI 53008-0470

Account #
Balance:    $840.27

---

**Past Due Balance**
***Detach Upper Portion And Return With Payment***

| Last Activity | Account Number | Creditor | Balance |
|---|---|---|---|
| 12/18/2017 |  | SHORT TERM FINANCIAL, LLC | $840.27 |
|  |  | **TOTAL DUE:** | **$840.27** |

Dear Dawn Moon:

This account has been listed with our office for collection.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from current creditor.

Sincerely,

Dobberstein Law Firm, LLC.
1RDCOLL02VFIRST

Dobberstein Law Firm, LLC ♦ PO Box 470 ♦ Brookfield WI 53008-0470 ♦ 262-641-3715

FILED
02-19-2021
Clerk of Circuit Court
Waukesha County
2021CV000319

# Exhibit B

**DOBBERSTEIN LAW FIRM, LLC**
PO Box 470 ♦ Brookfield, WI 53008-0470
*Telephone: (262) 641-3715*

FILED
02-19-2021
Clerk of Circuit Court
Waukesha County
2021CV000319

PO Box 470
Brookfield WI 53008-0470
RETURN SERVICE REQUESTED

June 30, 2020

569205611
Dawn Moon

**DOBBERSTEIN LAW FIRM, LLC**
PO Box 470
Brookfield WI 53008-0470

Account #
Balance:   $840.27

**Past Due Balance**

***Detach Upper Portion And Return With Payment***

<u>Creditor Name/</u>
<u>Original Creditor</u>     **Account Number**     **Balance**
SHORT TERM FINANCIAL, LLC /                        $840.27

**TOTAL: $840.27**

Dear Dawn Moon,

With tax refund season upon us, it's a good time to think about clearing up some of your costly delinquent debt. Currently, the above-referenced account has an outstanding balance of $840.27. Because of the accrual of interest, the current outstanding balance may continue to increase the longer the debt remains unpaid.

However, in an effort to assist you in resolving this matter, our client has authorized us to extend a special "Income Tax Refund" settlement offer. Upon payment of $672.22, received by our office no later than 07/30/2020, we will consider this matter settled in full. We are not obligated to renew this offer.

For further information, write the undersigned or call (262) 641-3715. If you wish to resolve this matter, but are unable to make the lump sum payment required to take advantage of this offer, please contact us at the number listed above to discuss an alternative compromised resolution.

We accept Visa, MasterCard, or check payments by phone.

Sincerely,

Dobberstein Law Firm, LLC

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

801RDCOLL02TAX